BUCHALTER
A Professional Corporation
ANDREW H. SELESNICK (SBN 160516)
THOMAS C. RICKEMAN (SBN 288248)
KAREN N. GEORGE (SBN 325057)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email:  aselesnick@buchalter.com

Attorneys for Plaintiff
Grand Avenue Emergency Physicians Medical Group, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAND AVENUE EMERGENCY PHYSICIANS MEDICAL GROUP, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOTTLIEB LLC D/B/A MARTIN GOTTLIEB & ASSOCIATES,<br><br>    Defendant. | **CASE NO. 3:20-cv-06725-JCS**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Further Case Management Conference</u>:<br>Date:         October 15, 2021<br>Time:         2:00 p.m.<br>Courtroom:  F<br><br>Assigned to Hon. Joseph C. Spero |

## CASE MANAGEMENT STATEMENT

Plaintiff Grand Avenue Emergency Physicians Medical Group, Inc. ("Grand Avenue" or "Plaintiff") and Defendant Gottlieb LLC d/b/a Martin Gottlieb & Associates ("Gottlieb" or "Defendant") submit this Case Management Statement in advance of the Further Case Management Conference scheduled for October15, 2021.

**1.    OVERVIEW OF THE CASE**

   **a.    Plaintiff's Description of the Case**

Plaintiff Grand Avenue is a professional medical corporation comprised of emergency physicians licensed by the State of California to practice medicine.  Grand Avenue staffs the

Emergency Department at Mercy Hospital Downtown and Mercy Hospital Southwest, both in Bakersfield, California.  Defendant Gottlieb, by virtue of a contract between the parties, provided medical coding and billing services for Grand Avenue, and was responsible for collecting from insurance companies and patients monies owed for services rendered.

Plaintiff contends that Gottlieb breached its contract with Grand Avenue, as well as its fiduciary duties owed to Grand Avenue, in several ways.  First, Gottlieb—without authorization or a contractual right to do so —caused Grand Avenue to become an "in network" provider with Anthem Blue Cross of California, a commercial insurer.  This led to a significant reduction in the amount of reimbursement payments from Anthem to Grand Avenue, as the in network rates Gottlieb agreed to were substantially below the rates Anthem reimburses out of network.  Second, the contract sets out a guaranteed minimum amount of reimbursement payments that Gottlieb committed to collect.  It failed to do so, and has not made up the difference, as it is required to do under the terms of the contract.  Third, the contract required Gottlieb to enroll Grand Avenue's healthcare providers with Medi-Cal, which is a prerequisite to Medi-Cal paying for services. Gottlieb, however, failed to enroll Grand Avenue's advanced practice clinicians (e.g. physician assistants, nurse practitioners, etc.), causing Medi-Cal to deny a large number of Grand Avenue's claims for reimbursement.

**b.      Defendant's Description of the Case**

Gottlieb disagrees with Plaintiff's assessment of the case and disagrees regarding its liability.

With regard to the enrollment with Anthem, Gottlieb maintains that Grand Avenue, not Gottlieb, agreed to participate in Anthem's Prudent Buyer Plan and contracted with Anthem to do so by signing the paperwork sent by Gottlieb.  Grand Avenue is a sophisticated business entity with an experienced physician-CEO and a robust set of very capable supporting professionals.  Gottlieb is not responsible for Grand Avenue's deciding to participate in the Prudent Buyer Plan, a decision authorized via a Letter of Authorization that was signed by 40 individual Grand Avenue physicians.

Nevertheless, Gottlieb maintains that, once participating, if Grand Avenue had a different understanding of its provider status, the revenue collection and associated reports Grand Avenue

received on a regular basis placed it on notice of the situation, and Grand Avenue had the ability to exit the Prudent Buyer Plan at any time on no more than 120 days' notice.  Instead, Grand Avenue continued to participate in the Prudent Buyer Plan for nearly a year after it replaced Gottlieb with another billing services provider.

Further, Gottlieb maintains that Grand Avenue has not incurred any loss for which Gottlieb is responsible, to include any loss associated with Medi-Cal enrollments. Gottlieb admits it did not properly enroll VEP's mid-level providers with Medi-Cal, but maintains there was no loss to VEP because the reimbursement rates were the same and because no claims were denied.

In addition, upon information and belief, Plaintiff's damage analysis includes a long period of time when Plaintiff had a different service provider, and its calculations as to the time when Gottlieb provided services are flawed, leading to an inflated damages claim.

**2.     DISCOVERY**

Plaintiff served written discovery requests on Gottlieb on March 24, 2021 and May 13, 2021.  Gottlieb served its responses and objections to the discovery requests on June 28, 2021. Gottlieb made an initial production of documents on August 27, 2021, and supplemental productions on September 8, 2021 and September 15, 2021.  Plaintiff has raised multiple, specific concerns with Gottlieb's production of documents that the parties are currently working on resolving.

Defendant served written discovery requests on Plaintiff on July 23, 2021.  Plaintiff served its responses on September 3, 2021 and September 7, 2021.  Plaintiff made an initial production of responsive documents on September 7, 2021 and is working on supplementing its production. Gottlieb is working on meeting and conferring with Plaintiff regarding the responses but has been waiting given the phased production agreed to by the parties and the issues with the Anthem Blue Cross subpoena.

Plaintiff has also served subpoenas for production of documents to Anthem Blue Cross Life and Health Insurance Company and Blue Cross of California dba Anthem Blue Cross (collectively, "Anthem") on April 14, 2021.  Plaintiff and Anthem have continued to meet and confer on Anthem's production of documents in response to the subpoena, with a final meet and

confer by video conference on October 13, 2021, all in an effort to resolve the outstanding issues pertaining to Anthem's production of documents. If the parties are unable to reach a resolution, the parties will be submitting a joint letter to the Court describing the nature of the dispute, each party's final substantive position, and the proposed compromise on each issue.

**3.    ADR AND OTHER MATTERS**

The parties have agreed to reschedule their mediation with Martin Quinn, Esq. to December 8, 2021. The parties had initially committed to mediating this matter in September 2021, however, unexpected issues arose as a result of Gottlieb's acquisition by a new parent company, which delayed Gottlieb's production and discovery responses.

Gottlieb's acquisition also resulted in a potential unique ethical conflict, as Gottlieb's new parent company is also the parent company of DuvaSawko, which succeeded Gottlieb as Grand Avenue's billing agent, and which assisted Grand Avenue in its preparation of this lawsuit. Due to this conflict, and to ensure that privileged materials were not disclosed, Gottlieb's counsel refrained from further communications with Gottlieb regarding the discovery in this matter for many weeks.

The parties ultimately reached an acceptable solution regarding the preservation of Grand Avenue's attorney-client and work product privileges. DuvaSawko has retained independent counsel for this matter, and Gottlieb has confirmed that the in-house general counsel for both Gottlieb and DuvaSawko is screened off from all parts of this matter relating DuvaSawko. Further, Gottlieb employees are currently in separate offices and utilize separate systems from DuvaSawko employees, and are thus prevented from accessing DuvaSawko's files and communications regarding Grand Avenue. Gottlieb's counsel assured Grand Avenue that if further integration occurs, the parent company will ensure that neither company will have access to the other's information related to this matter.

In light of these delays, and the parties' agreement to continue to mediation to December 8, 2021, the parties agreed to submit a joint stipulation to modify the scheduling order to continue pretrial dates. On September 29, 2021, Grand Avenue sent Gottlieb a proposed stipulation to continue the discovery cutoffs and motion hearing deadlines, while leaving the pretrial conference

and trial dates in place.  The parties hope to submit the joint stipulation to modify the scheduling order prior to the Further Case Management Conference.

DATED:  October 8, 2021　　　　　　　　　BUCHALTER
　　　　　　　　　　　　　　　　　　　　A Professional Corporation


　　　　　　　　　　　　　　　　　　　By:   /s/ Andrew H. Selesnick
　　　　　　　　　　　　　　　　　　　　　　Andrew H. Selesnick
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff